IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 0388 |
| | ) | |
| OFFICER M. SANTORO, OFFICER B. CRAM, | ) | Judge Elaine E. Bucklo |
| PARAMEDIC D. ASHCRAFT #3045, and | ) | |
| UNKNOWN OFFICERS and PARAMEDICS, | ) | |
| of the VILLAGE OF SCHAUMBURG, | ) | |
| a municipal corporation and body politic, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME, Defendants, OFFICER M. SANTORO, OFFICER B. CRAM, PARAMEDIC D. ASHCRAFT, and the VILLAGE OF SCHAUMBURG, by and through their attorney, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and pursuant to Federal Rule of Civil Procedure 56, move this Honorable Court for an Order granting summary judgment in their favor. In support of said motion, Defendants state to this Honorable Court the following:

1. Plaintiff Karen Fitzgerald filed a three count complaint against Officers Marc Santoro and Bruce Cram, Paramedic David Ashcraft, and their employer, the Village of Schaumburg, for events surrounding their response to a potential suicide threat (d/e 1). Specifically, Plaintiff alleged violations of her Fourth Amendment rights under 42 U.S.C. § 1983 for the entry into her home, for the seizure of her person, and for the use of force during the seizure. Plaintiff also alleged supplemental state law claims for battery/willful and wanton conduct and intentional infliction of emotional distress arising from the same incident and named

the Village in these counts as the employer of the individual Defendants.

2.      Defendants move for summary judgment on Plaintiff's § 1983 claims for unlawful entry to her home because the undisputed facts demonstrate that exigent circumstances for the warrantless entry existed.  Plaintiff had made a suicide threat to a desk officer, was reportedly intoxicated on alcohol or drugs, and had abruptly hung up on the desk officer.  Given these circumstances, it was reasonable for the officers to believe that Plaintiff's safety was in danger when they arrived at her home, and therefore exigent circumstances existed allowing Defendants to enter Plaintiff's home without violating her constitutional rights.  *See Holzman v. City of South Bend*, No. 05 CV 316, 2006 WL 2788587, *3 (N.D. Ind. Sept. 25, 2006).

3.      Defendants also move for summary judgment on Plaintiff's § 1983 claim for unlawful seizure of her person.  Defendants had probable cause to seize Plaintiff based on her threats of suicide, her state of heavy intoxication, and her comments to the officers that she was depressed and wanted to speak to a social worker or psychiatrist.  *See Threlkeld v. White Castle Systems, Inc.*, 201 F. Supp. 2d 834, 842 (N.D. Ill. 2002) ("probable cause to hospitalize a person against that person's will exists where the facts and circumstances within the police officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant an individual of reasonable causation in the belief that an immediate danger exists of the person hurting herself or others") (internal quotations omitted).

4.      Defendants move for summary judgment on Plaintiff's § 1983 excessive force claim because the force used to secure and transport Plaintiff to the local hospital for evaluation and treatment was *de minimis* and reasonable given Plaintiff's resistence.  *See Graham v. Conner*, 490 U.S. 386, 395, 109 S. Ct. 1865 (1989).

5. Alternatively, Defendants are entitled to qualified immunity on Plaintiff's § 1983 claims because their conduct did not violate clearly established law. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

6. Defendants Santoro and Cram also move for summary judgment on Plaintiff's state law claims of battery and intentional infliction of emotional distress because they are entitled to the immunities contained in the Illinois Tort Immunity Act, Sections 2-201, 6-107, and 6-108. 745 ILCS 10/2-201, 6-107, 6-108. These immunities protect the officers from liability for injuries caused by the discretionary decision to transport and/or confine someone for medical evaluation and the proper method to transport patients to a hospital, and for any injury caused by or to an escaping mental patient. *See Id.*; *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 1997 WL 441328, *7 (N.D. Ill. July 30, 1997); (*citing Anderson v. Village of Forest park*, 238 Ill. App. 3d 83, 94 (1st Dist. 1992)).

7. Defendant Ashcraft is entitled to immunity on Plaintiff's state law claims under the Emergency Medical Services (EMS) Systems Act, which immunizes any paramedic who in good faith provides emergency or non-emergency medical services in the course of their duties, unless their actions constitute willful and wanton misconduct. *See* 210 ILCS 50/3.150. Since the undisputed facts demonstrate that he committed no willful and wanton misconduct, Defendant Ashcraft is entitled to the immunity in the Act.

8. Alternatively, Defendants move for summary judgment on Plaintiff's state law claims because the undisputed facts demonstrate that Defendants did not commit the torts of battery or intentional infliction of emotional distress. Nothing in the record supports a finding that Defendants intended to cause harm or emotional distress and nothing supports a finding that

they acted outrageously as required for an intentional infliction of emotional distress claim. *See Cornell v. Gubbles*, No. 05-1389, 2009 WL 56874, *5 (C.D. Ill. Jan. 6, 2009) (*citing Thomas v. Fuerst*, 345 Ill. App. 3d 929 (Ill. App. 2004)).

9. Finally, the Village cannot be held liable for state law claims when its employees are not liable under the Tort Immunity Act, 745 ILCS 10/2-109.

10. Defendants have submitted a memorandum in support of their motion for summary judgment.

WHEREFORE, Defendants, OFFICER M. SANTORO, OFFICER B. CRAM, PARAMEDIC D. ASHCRAFT, and the VILLAGE OF SCHAUMBURG, move that this Honorable Court enter an order granting summary judgment in favor of Defendants.

Respectfully submitted,

s/**Michael D. Bersani**
MICHAEL D. BERSANI, Atty Bar No. 06200897
CHARLES E. HERVAS, Atty Bar No. 06185117
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
chervas@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 0388 |
| | ) | |
| OFFICER M. SANTORO, OFFICER B. CRAM, | ) | Judge Elaine E. Bucklo |
| PARAMEDIC D. ASHCRAFT #3045, and | ) | |
| UNKNOWN OFFICERS and PARAMEDICS, | ) | |
| of the VILLAGE OF SCHAUMBURG, | ) | |
| a municipal corporation and body politic, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, I electronically filed the foregoing **Defendants' Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**TO:** Mark F. Smolens  
Michael C. Cannon  
Law Office of Mark F. Smolens  
1627 West Colonial Parkway, Suite 301  
Inverness, IL 60067  
*One of the Attorneys for Plaintiff*

Richard R. Mottweiler  
Nicole L. Barkowski  
Law Offices of Richard Mottweiler  
1627 Colonial Parkway  
Inverness, IL 60067  
*One of the Attorneys for Plaintiff*

s/**Michael D. Bersani**
MICHAEL D. BERSANI, Atty Bar No. 06200897
CHARLES E. HERVAS, Atty Bar No. 06185117
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
chervas@hcbattorneys.com

5